UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.:
DANIEL MOUYAL,

                         Plaintiff,             **COMPLAINT**

     -against-

                                                   **PLAINTIFF DEMANDS**
STRATEGIC CONSULTING, LLC d/b/a        **A TRIAL BY JURY**
STRATEGIC FINANCIAL SOLUTIONS NY and
CHRISTOPHER CHENG, *Individually*,

                         Defendants.
------------------------------------------------------------------X

Plaintiff DANIEL MOUYAL ("Plaintiff"), by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, 42 U.S.C. §§ 2000e *et seq.*, as amended ("Title VII"), the <u>New York State Human Rights Law</u>, New York State Executive Law §§ 296, *et seq.* ("NYSHRL"), and the <u>New York City Human Rights Law</u>, New York City Administrative Code §§ 8-502(a), *et. seq.* ("NYCHRL") and seeks damages to redress the injuries he has suffered as a result of being **sexually harassed, discriminated, and retaliated against on the basis of his sex/gender and perceived sexual orientation**.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under State and City law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants

reside within the Southern District of New York or the acts complained of occurred therein.

5. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 28, 2019; (b) receiving a Notice of Right to Sue from the EEOC on August 1, 2019; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing a copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit B.

## THE PARTIES

6. Plaintiff is a male individual residing in the State of New York, County of Kings.

7. Defendant STRATEGIC CONSULTING, LLC d/b/a STRATEGIC FINANCIAL SOLUTIONS NY ("STRATEGIC CONSULTING") was and is a domestic business corporation, duly existing pursuant to the laws of the State of New York with its principal place of business located at 711 3rd Avenue, 6th Floor, New York, New York 10017.

8. At all times relevant, Plaintiff was an employee of Defendant STRATEGIC CONSULTING.

9. At all times relevant hereto, Defendant CHRISTOPHER CHENG ("CHENG") was an employee of Defendant STRATEGIC CONSULTING, holding the position of "Senior Associate Manager."

10. At all times relevant, Defendant CHENG was Plaintiff's supervisor and has supervisory authority over Plaintiff. Defendant CHENG had the authority to hire, fire, affect the terms and conditions of Plaintiff's employment, or influence the decisionmaker of same.

11. At all times relevant, Defendants STRATEGIC CONSULTING and CHENG are collectively referred to herein as "Defendants."

## MATERIAL FACTS

12. On or about January 16, 2019, Plaintiff received a letter from Elizabeth Meltzer, Director of Recruiting for Defendant STRATEGIC CONSULTING, informing him that he was being offered the position of "Sales Consultant." Plaintiff was informed that he would be receiving an hourly rate of $26.44 and an overtime rate of $39.66, in addition to any discretionary bonuses and/or commissions.

13. Plaintiff was expected to work at least forty hours per week thereby making his base rate of pay approximately $55,000.00.

14. On or about February 4, 2019, Plaintiff commenced working for Defendant STRATEGIC CONSULTING at its office located at 711 3rd Avenue, 6th Floor, New York, New York 10017.

15. Upon hire, Plaintiff and at least fifteen other trainees participated in a training program. The first part of the training program was "in-class training" that took place from or about February 4, 2019 until or about February 18, 2019.

16. The training program continued on the sales floor from or about February 18, 2019 until or about March 4, 2019.

17. On or about March 4, 2019, Plaintiff and the other trainees began "the 90" which was a probationary period such that the trainees needed to complete 45 deals that are pushed through compliance and complete 34 active deals.

3

18. By the time of this Complaint, Plaintiff was an exceptional employee and in the top of his class.

19. Within approximately a month into "the 90", Plaintiff's seat was changed such that he was two cubicles away from Defendant CHENG, with the cubicle in between Plaintiff and Defendant CHENG being vacant. It was at this time that Plaintiff was subjected to repeated unwanted verbal and physical sexual harassment by Defendant CHENG.

20. The unwanted verbal and physical sexual harassment committed by Defendant CHENG against Plaintiff included but was not limited to the following:

   a. On an almost daily basis, Defendant CHENG **winked suggestively** to Plaintiff at work, which made Plaintiff extremely uncomfortable.

   b. On an almost daily basis, Defendant CHENG called Plaintiff **"baby"** and **"babe"** at work, which made Plaintiff extremely uncomfortable.

   c. Soon the inappropriate comments escalated into physical assaults. On or about April 5, 2019, **Defendant CHENG put his hand on Plaintiff's genitals, against Plaintiff's will, and without Plaintiff's permission.** As he walked away, he turned and smiled at Plaintiff, who was still in shock from the harassment.

   d. On or about April 17, 2019, Defendant CHENG took the keychain string hanging from Plaintiff's pants and held it in his hand in a sexually suggestive manner and pulled very slowly while smiling at Plaintiff.

   e. On or about April 19, 2019, Defendant CHENG **caressed Plaintiff's ear very slowly** and called Plaintiff **"baby"** before walking a couple steps away from Plaintiff, staring at him and smiling.

   f. On or about April 23, 2019, **Defendant CHENG groped Plaintiff's buttocks.**

21. On or about April 23, 2019, Plaintiff emailed Phillip Ricci ("Mr. Ricci"), Plaintiff's

4

Manager, and complained of unlawful sexual harassment. Immediately upon e-mailing the complaint, Plaintiff text messaged Mr. Ricci to check his email. Plaintiff's complaint detailed the sexual harassment and hostile work environment that he had been subjected to and expressed that it had to stop and that it had been making him feel extremely uncomfortable, violated, and completely disgusted. Plaintiff also provided a list of possible witnesses and informed Defendants that other co-workers have also been sexually harassed by Defendant CHENG.

22. Shortly after sending the complaint, Plaintiff and Mr. Ricci met to discuss the complaint.

23. Later that same day, Plaintiff emailed the same complaint to the generic Human Resources email, as well as to Meghan McEnroe, the Human Resources Coordinator for Defendant STRATEGIC CONSULTING.

24. On April 24, 2019, Plaintiff met with Mr. Ricci and Courtney Stainback, a Human Resources Business Partner of Defendant STRATEGIC CONSULTING, to further discuss Plaintiff's complaints of sexual harassment.

25. Later that same day, Plaintiff met with Daniel Pascone, the Vice-President of Sales at Defendant STRATEGIC CONSULTING, to again further discuss his complaints of sexual harassment.

26. Because of the stress and anxiety due to the hostile work environment, Plaintiff took an approved paid time off from or about April 25, 2019 until or about April 26, 2019.

27. Upon information and belief, an internal company investigation revealed that Defendant CHENG touched male employees inappropriately, including on their buttocks.

28. On or about April 30, 2019, Plaintiff informed Ms. Stainback that his doctor wrote him out of work until or about May 13, 2019. Plaintiff also gave Ms. Stainback a doctor's note detailing the same.

29. On or about May 9, 2019, Plaintiff's psychologist wrote Plaintiff out of work for a month, due to the hostile work environment.

30. Then, in retaliation for complaining of unlawful sexual harassment and discrimination, and with full knowledge that Plaintiff was out on leave due to the hostile work environment caused by Defendant CHENG, Defendant STRATEGIC CONSULTING terminated Plaintiff on or about July 11, 2019.

31. As of the date of this Complaint, upon information and belief, Defendant CHENG remains employed with Defendant STRATEGIC CONSULTING.

32. Plaintiff was degraded and humiliated at the hands of Defendant CHENG.

33. Plaintiff felt offended, disturbed, and humiliated by the illegal sexual harassment.

34. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

35. Plaintiff began to suffer from anxiety and depression as a result of Defendant CHENG's sexual harassment.

36. **<u>Plaintiff was treated differently (sexually harassed) by Defendant CHENG, solely due to his gender/sex (male) and perceived sexual orientation</u>**.

37. But for the fact that Plaintiff is a male, Defendant CHENG would not have treated him differently (sexually harassed him).

38. Defendant CHENG's actions were unsolicited, unwelcome and offensive.

39. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

40. The above are just some of the acts of sexual harassment, discrimination, and retaliation that Plaintiff experienced while employed by Defendants.

41. Plaintiff has been unlawfully discriminated against, sexually harassed, humiliated, degraded, and belittled, and as a result, suffers loss of rights, emotional distress, loss of

income, and earnings.

42. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

43. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, he has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

44. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

45. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

46. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

47. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for relief based upon the unlawful employment practices of Defendant STRATEGIC CONSULTING.

48. Plaintiff complains of Defendant STRATEGIC CONSULTING's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

49. Defendant STRATEGIC CONSULTING engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e et seq., by discriminating against Plaintiff because of his sex and perceived sexual orientation.

## AS A SECOND CAUSE OF ACTION
### DISCRIMINATION UNDER THE NYSHRL

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. Executive Law § 296 provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, **sexual orientation**, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

52. Defendants, who were Plaintiff's employers, supervisors, and managers, made unwanted sexual advances to the plaintiff or engaged in other unwanted verbal or physical conduct of a sexual nature.

53. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his sex and perceived sexual orientation.

## AS A THIRD CAUSE OF ACTION
### RETALIATION UNDER THE NYSHRL

54. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

56. Defendants have engaged in an unlawful discriminatory practice in violation of the NYSHRL when they terminated Plaintiff after he made a complaint of unlawful sexual

harassment.

## AS A FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYCHRL

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. The New York City Administrative Code §8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, **sexual orientation** or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

59. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his gender and perceived sexual orientation.

## AS A FIFTH CAUSE OF ACTION
## RETALIATION UNDER THE NYCHRL

60. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer ... to discriminate against any person because such person has opposed any practices forbidden under this chapter ... "

62. Defendants have engaged in an unlawful discriminatory practice in violation of the NYCHRL when they terminated Plaintiff after making a complaint of unlawful sexual

harassment.

## AS A SIXTH CAUSE OF ACTION
## ASSAULT AND BATTERY
## (Against Defendant CHENG)

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. By his actions as set forth above, Defendant CHENG subjected Plaintiff to assault and battery. Defendant CHENG intentionally subjected Plaintiff to harmful and/or offensive physical contact. Defendant CHENG further intentionally placed Plaintiff in imminent reasonable apprehension of a harmful and/or offensive physical contact.

65. As a result of this harmful and/or offensive contact and/or reasonable apprehension of the same, Plaintiff sustained damages.

## JURY DEMAND

66. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL, in that Defendants sexually harassed, discriminated, and retaliated against Plaintiff on the basis of his **sex/gender** and **perceived sexual orientation**;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven, in excess of the jurisdictional limits of any other court;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
August 8, 2019

PHILLIPS & ASSOCIATES,
Attorneys at Law, PLLC

By: _____
Brittany A. Stevens, Esq.
Katerina Housos, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
bstevens@tpglaws.com
khousos@tpglaws.com